IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO A. MCGEE,**

    **Plaintiff,**

    v.                                      CASE NO. 23-3240-JWL

**SHEILA MERCER,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. He brings this action against a Unit Team officer at the El Dorado Correctional Facility, alleging that she maliciously subjected him to cruel and unusual punishment by refusing to call his family to tell them he was okay after he was released from suicide watch and by refusing to move him to a cell where he could call his family himself. He seeks damages of $25,000.00.

Plaintiff has not submitted the filing fee, and the Court finds he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] The qualifying dismissals are: (1) 20-3131-SAC, *McGee v. Doe* (dismissed for failure to state a claim for relief); (2-3) 20-3085-SAC, *McGee v. Corizon* (same), *affirmed on appeal* (20-3111, 10th Cir. Oct. 14, 2020) (finding the appeal frivolous and noting that Plaintiff now has four strikes)

Although Plaintiff briefly alleges that he is under "great" risk of "inmate to inmate assault" if he is housed outside of his classification, this is insufficient to show imminent danger of serious physical harm. "To satisfy § 1915(g), a prisoner must present "specific, credible allegations of imminent danger of serious physical harm.'" *Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted)). The Court has carefully considered the documents filed in this matter and finds no such specific allegations. Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the fee within the prescribed time, the complaint will be dismissed for failure to pay the filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until and including December 4, 2023, to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated on this 2nd day of November, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.